# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Powell*, 2012 IL App (1st) 102363

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILSON POWELL, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-10-2363 |
| Rule 23 Order filed | January 31, 2012 |
| Rule 23 Order withdrawn | May 1, 2012 |
| Modified Opinion filed upon granting of rehearing | May 8, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The sentence imposed on defendant for unlawful use of a weapon by a felon was upheld on appeal, despite defendant's contention that the trial court violated the prohibition against "double enhancement" by considering his prior burglary conviction as both an element of the offense and a sentence enhancement, since an exception to the prohibition against double enhancement occurs when the legislature clearly intends to enhance a penalty based on some aspect of the crime, and in the instant case, the legislature's enactment of section 24-1.1(a) of the Criminal Code elevated defendant's offense to a Class 2 felony and once he was convicted of a Class 2 felony, no further enhancement occurred. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CR-15613; the Hon. Thomas M. Davy, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Emily S. Wood, all of State Appellate Defender's Office, of Chicago, for appellant. |
| | |
| | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Amy Watroba Kern, and Judy L. DeAngelis, Assistant State's Attorneys, of counsel), for the People. |
| | |
| Panel | PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion. |
| | Justices Cunningham and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1    Following a bench trial, defendant Wilson Powell was convicted of unlawful use of a weapon (UUW) by a felon after having been convicted previously of burglary and was sentenced to 4½ years in prison. On appeal, defendant contends the trial court impermissibly counted his prior burglary conviction as both an element of the offense and a sentence enhancement, resulting in an impermissible "double enhancement" of sentence.[1] We affirm.

¶ 2                              BACKGROUND

¶ 3    Defendant and a codefendant were arrested after a police officer observed each of them in possession of a sawed-off shotgun, and they were charged by information with multiple weapons violations. Count I of the information charged defendant with UUW by a felon pursuant to section 24-1.1(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/24-1.1(a) (West 2008)) in that "he knowingly possessed on or about his person, a firearm, to wit: a shotgun, after having been previously convicted of the felony offense of burglary." The trial evidence included the State's submission to the court of a certified conviction of defendant for burglary. The State also presented testimony that a police officer observed defendant in possession of a shotgun having a barrel length of 13½ inches. The trial court found defendant guilty on three counts, including count I, which charged that defendant was in knowing possession of a shotgun after having been convicted previously of burglary.

¶ 4    At the subsequent sentencing hearing, the trial court stated: "The Defendant has been

---

[1]This decision was initially issued as an order under Supreme Court Rule 23 on January 31, 2012. Ill. S. Ct. R. 23 (eff. July 1, 2011). Defendant filed a petition for rehearing. After considering the State's answer to the petition for rehearing and defendant's reply, we have withdrawn the Rule 23 order and now issue this opinion, which contains new material found in paragraphs 13 through 17.

convicted and I will impose sentence on Count 1, the unlawful use of weapon. That is a Class 2 with a 3 to 14 year sentence range." The court sentenced defendant only on that count, imposing a prison term of 4½ years. Defendant's motion to reconsider sentence, in which he argued only that the sentence was "excessive in view of the Defendant's background and the nature of his participation in the defense," was denied.

¶ 5                                     ANALYSIS

¶ 6     On appeal, defendant contends that the trial court erred in sentencing him as a Class 2 felon when, after using defendant's prior burglary conviction to upgrade his UUW conviction from a misdemeanor[2] to a felony, the court impermissibly reused the same prior burglary conviction to further enhance his sentence. The State asserts that defendant has forfeited his claim where his motion to reconsider sentence did not mention the issue he now raises for the first time. Defendant replies that the sentence imposed was void and may be challenged at any time and, alternatively, asks us to consider his claim under the first prong of the plain-error rule.

¶ 7     Where a defendant challenges his sentence as void, we will review the sentencing issue even though it was not properly preserved for review because a void sentence can be corrected at any time. *People v. Arna*, 168 Ill. 2d 107, 113 (1995). A sentencing issue is forfeited unless the defendant both objects to the error at the sentencing hearing and raises the objection in a postsentencing motion. *People v. Freeman*, 404 Ill. App. 3d 978, 994 (2010) (citing *People v. Hillier*, 237 Ill. 2d 539, 544 (2010)). Nevertheless, forfeited claims related to sentencing issues may be reviewed for plain error. *Hillier*, 237 Ill. 2d at 545. The plain-error rule allows a reviewing court to consider trial errors not properly preserved in a criminal case when (1) the evidence is closely balanced or (2) the error is so fundamental and of such magnitude that the accused was denied his right to a fair trial. *People v. Harvey*, 211 Ill. 2d 368, 387 (2004). Before we consider application of the plain-error doctrine, however, we must determine whether the trial court committed error. *People v. Staple*, 402 Ill. App. 3d 1098, 1105 (2010).

¶ 8     A single factor cannot be used both as an element of an offense and as a basis for imposing a sentence harsher than might otherwise have been imposed. *People v. Phelps*, 211 Ill. 2d 1, 11-12 (2004). Such dual use of a single factor is often referred to as a "double enhancement." *Id*. at 12. However, an exception to the prohibition against double enhancement occurs where the legislature clearly intends to enhance the penalty based upon some aspect of the crime and that intention is clearly expressed. *Id*. (citing *People v. Rissley*, 165 Ill. 2d 364, 390 (1995)). To determine whether the legislature intended such an enhancement, we look to the statute itself as the best indication of the legislature's intent. *Rissley*, 165 Ill. 2d at 390-91. As the issue is one of statutory construction, the standard of

---

[2]While another count charged, and the evidence showed, defendant possessed a shotgun with a barrel less than 18 inches in length, a Class 3 felony (720 ILCS 5/24-1(a)(7)(ii), (b) (West 2008)), count I charged defendant only with possession of a shotgun, a Class A misdemeanor (720 ILCS 5/24-1(a)(4) (West 2008)), without specifying the length of its barrel.

review is *de novo*. *Phelps*, 211 Ill. 2d at 12.

¶ 9     The record confirms that defendant was sentenced as a Class 2 offender because of his prior conviction for burglary, a forcible felony. The relevant portion of section 24-1.1(a) states:

> "(a) It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction." 720 ILCS 5/24-1.1(a) (West 2008).

¶ 10    The pertinent portion of section 24-1.1(e) states:

> "(e) Sentence. Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony for which the person, if sentenced to a term of imprisonment, shall be sentenced to no less than 2 years and no more than 10 years and any second or subsequent violation shall be a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years. Violation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony *** is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(e) (West 2008).

¶ 11    The language of the statute demonstrates that the legislature clearly expressed the intent to elevate the class of felony and the resulting penalty upon some aspect of the crime, as here, where the offender has a previous conviction for a forcible felony. *Phelps*, 211 Ill. 2d at 15. Burglary is a forcible felony (720 ILCS 5/2-8 (West 2008)), and section 24-1.1(e) (720 ILCS 5/24-1.1(e) (West 2008)) specifically states that a violation of section 24-1.1 "by a person *** who has been convicted of a forcible felony *** is a Class 2 felony," not a Class 3 felony. Defendant's conviction as a Class 2 felon and resulting Class 2 sentence were appropriate. Once defendant was convicted of the Class 2 felony, no further enhancement occurred.

¶ 12    Defendant erroneously interprets section 24-1.1(e) as a two-step process. He contends: "Ordinarily, UUW-felon is a Class Three Felony with a sentence of probation or two to 10 years in prison." Ignoring the remaining language of section 24-1.1(e), defendant concludes that "the court's determination that Powell committed a non-probationable Class Two Felony was improper." The flaw in defendant's reasoning is that the sentencing court did not determine that defendant committed a Class 2 felony; the General Assembly made that determination in enacting section 24-1.1(e). Defendant's prior burglary conviction elevated his commission of unlawful use of weapons from a Class A misdemeanor to a Class 2 felony, not to a Class 3 felony, and left the trial court with no option but to sentence defendant as a Class 2 felon within a range of 3 to 14 years in prison. The sentence of 4½ years was well within the mandated range. The trial court did not impermissibly enhance defendant's penalty, but simply imposed the special penalty range established by the legislature for defendant's conduct.

¶ 13    We reject defendant's contention that the legislature's intention, to impose a more severe penalty for an offender previously convicted of a forcible felony, is not clearly expressed in

section 24-1.1. The language of subsection 24-1.1(e) readily reflects the legislature's intent to enhance the offense *either* to a Class 2 felony where the prior conviction is a forcible felony *or* to a Class 3 felony where it is not a forcible felony. In *People v. Kelly*, 347 Ill. App. 3d 163 (2004), we rejected the same argument defendant advances here.

> "The plain language of section 24-1.1 reveals that the legislature's intent was to keep dangerous weapons, including but not limited to firearms, out of the hands of convicted felons in *any* situation whether it be in the privacy of their own home or in a public place. [Citations.] In addition, the legislature intended to impose a harsher penalty for those felons in possession of a weapon when they have committed a *forcible* felony in the past because they necessarily had a history of using or threatening physical force or violence against another individual. 720 ILCS 5/24-1.1(e), 2-8 (West 2000)." (Emphases in original.) *Id.* at 167.

¶ 14    Defendant contends, however, that the "double enhancement" he claims occurred here has been ruled impermissible in other cases, referring us to *People v. Owens*, 377 Ill. App. 3d 302 (2007), and *People v. Chaney*, 379 Ill. App. 3d 524 (2008).[3] *Owens* and *Chaney* are factually inapposite, as both involved a second enhancement where Class X penalties were imposed.

¶ 15    In *Chaney*, the defendant was convicted on counts I and II of the indictment charging UUW by a felon, and on counts III and IV charging aggravated UUW which merged into counts I and II. As the defendant had been convicted previously of two Class 2 felonies, the court identified counts I and II as Class 2 felonies. Moreover, the court sentenced the defendant as a Class X offender on each charge. Significantly, on appeal we ruled that the defendant's convictions for UUW by a felon, normally a Class 3 felony, properly resulted in the offenses constituting Class 2 felonies under section 24-1.1 because of his prior convictions. *Chaney*, 379 Ill. App. 3d at 529. However, we held that the defendant's Class X sentences constituted impermissible double enhancement where at least one of the defendant's prior felony convictions was used both to establish the UUW as a Class 2 felony and also to impose Class X sentencing. *Id*. at 532. In the instant case, there was only one enhancement, an upgrade of the offense to a Class 2 felony because of defendant's prior forcible felony conviction. There was no further enhancement where the sentence imposed was well within the specified range for that Class 2 offense.

¶ 16    In *Owens*, the defendant was charged with one count of aggravated UUW under section 24-1.6 of the Code (720 ILCS 5/24-1.6 (West 2004)) and one count of UUW by a felon. The aggravated UUW charge alleged that the defendant previously had been found guilty of a felony which enhanced the severity of the aggravated UUW charge from a Class 4 felony to a Class 2 felony. The defendant was found guilty on both counts. Stating that the defendant was eligible for a Class X sentence, the trial court sentenced him to a seven-year prison term.

---

[3]Defendant also refers us to *People v. Culpepper*, No. 1-09-1590 (2010) (unpublished order under Supreme Court Rule 23). However, Illinois Supreme Court Rule 23(e) (eff. July 1, 2011) plainly provides that an appellate court's unpublished order "is not precedential and may not be cited by any party."

On appeal, we held that "the use of the same felony to enhance both the class of the aggravated UUW offense and the punishment for that offense amounted to an impermissible double enhancement." *Owens*, 377 Ill. App. 3d at 305. Section 24-1.1 was not the basis for the unsupportable double enhancement.

¶ 17    Unlike *Owens* and *Chaney*, the instant case did not involve the use by the State of a prior felony conviction first to enhance the charged offense from a lower class felony to a Class 2 felony and then to make defendant eligible for a Class X sentence. Section 24-1.1 does not specifically provide for an upgrade to Class X. The section differentiates only between a Class 3 conviction and a Class 2 conviction based on the nature of the accused's prior felony and, as our decision in *Kelly* illustrates, reflects the General Assembly's intent to enhance the class of felony, with its concomitant harsher sentencing range, for felons in possession of a weapon who have committed a *forcible* felony in the past.

¶ 18                                    CONCLUSION

¶ 19    For the reasons stated above, the sentence imposed by the trial court was proper and not void. Because the trial court committed no error in sentencing defendant, we need not consider defendant's contention under plain-error analysis. *People v. Willhite*, 399 Ill. App. 3d 1191, 1197 (2010). Accordingly, we affirm the judgment of the trial court.

¶ 20    Affirmed.