# Illinois Official Reports

## Supreme Court

---

### People v. Easley, 2014 IL 115581

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CHRISTOPHER EASLEY, Appellee. |
| Docket No. | 115581 |
| Filed | March 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The classification of a first conviction for unlawful use of a weapon by a felon as a Class 3 felony and a subsequent offense as a Class 2 felony does not involve enhancement; and one convicted of unlawful use of a weapon by a felon based on his possession of a handgun and also on his prior conviction for unlawful use of a weapon by a felon was not entitled to a Class 3 rather than a Class 2 sentence based on the statute requiring the State to give notice of intent to seek an enhanced term—claim of improper double enhancement also rejected. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Jorge Luis Alonso, Judge, presiding. |
| Judgment | Appellate court judgment affirmed in part and reversed in part.<br>Circuit court judgment affirmed. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz and John E. Nowak, Assistant State's Attorneys, of counsel), for the People.<br><br>Michael J. Pelletier, Alan D. Goldberg and Levi S. Harris, of The Office of the State Appellate Defender, of Chicago, for appellee. |

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.
Chief Justice Garman and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Christopher Easley, was convicted of unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2008)), and sentenced to nine years in prison. The appellate court affirmed defendant's conviction but vacated his Class 2 sentence and remanded with directions to impose a sentence within the Class 3 felony range. The appellate court reasoned that the State failed to state its intention to seek an "enhanced" sentence prior to trial under section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2008)). 2012 IL App (1st) 110023, ¶ 32. We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013). We now affirm in part and reverse in part the judgment of the appellate court.

¶ 2                                BACKGROUND

¶ 3        Defendant, Christopher Easley, was charged by indictment with one count of aggravated discharge of a firearm, two counts of unlawful use of a weapon by a felon based on a previous conviction for unlawful use of a weapon by a felon, and four counts of aggravated unlawful use of a weapon.

¶ 4        Evidence at defendant's bench trial established that on December 18, 2008, several police officers were conducting narcotics surveillance in the area of 925 East 65th Street in Chicago. Officer Joseph Watson was working undercover as a surveillance officer and was seated alone in a covert vehicle positioned just north of 65th Street facing southbound. At approximately 11:45 a.m., Officer Watson observed defendant exit a gray Nissan and walk in front of his car. Defendant was dressed in all black and wearing tan boots. Defendant's hair was in braids. As defendant walked westbound past Officer Watson's car, Officer Watson observed defendant pull a weapon from his right coat pocket. Defendant then started to shoot and ran toward another individual who was walking eastbound. The individual immediately turned around and ran in the opposite direction, while grabbing his side. Defendant fired six shots. After he fired the shots, defendant turned around and began to walk toward the gray Nissan. Officer Watson immediately radioed his team members to inform them that shots were fired. Officer Watson gave a description of defendant and stated that defendant had entered the front passenger seat of the gray vehicle. Officer Watson observed the car pull out and drive eastbound on 65th Street. Once the car was a half block away, Officer Watson followed the vehicle.

¶ 5        Officer Brian Humpich, who was about two blocks away when he heard Officer Watson's broadcast, followed the Nissan for four to five blocks. The Nissan stopped at 65th and Dorchester Avenue. Defendant and another individual, later identified as Marshon Jackson, exited the vehicle and began to run.

¶ 6        Upon hearing the radio communication, Officer Edwin Utreras pursued the vehicle, following Officers Watson and Humpich. Officer Utreras saw defendant exit the Nissan and start to run. Defendant was wearing dark clothes, tan boots, and a skull cap. After Officer Utreras exited his vehicle and identified himself as a police officer, defendant stopped running. Officer Utreras apprehended defendant and immediately handcuffed him. Defendant said, "I didn't shoot nobody. I just picked up the gun." Officer Utreras had not asked defendant anything about the shooting. Officer Utreras performed a custodial search of defendant and recovered a .38-caliber handgun from defendant's right outer coat pocket. He examined the weapon and found six spent shell casings inside. The parties stipulated that Officer Utreras learned that defendant had a prior conviction for unlawful use of a weapon by a felon under case number 06 CR 8260, and that the State had a certified copy of that conviction.

¶ 7        Defendant then testified that on December 18, at approximately 11 a.m., he was getting dressed at home. Defendant testified that he received a call from Carey Williams, and they agreed to meet at 73rd Street and Cottage Grove Avenue. Williams was the driver of a Nissan. Defendant stated that they met about 10 minutes later. Defendant testified that he was wearing all of the clothing that was previously testified to at trial, except the skull cap, because he had just paid $50 to get his hair done and did not want to mess it up. Defendant was wearing braids. Defendant testified that when he got into the car, Williams's female companion was seated in front, next to Williams, and another man was in the backseat with defendant.

¶ 8        Defendant testified that as they drove down 65th Street, Williams parked the car by a stop sign, got out of the car, and started to walk toward a mailbox. Defendant stated that he did not know why Williams got out of the car. Defendant testified that he was listening to music in the car when he heard gunshots. Defendant stated that he saw Williams chasing somebody and that Williams then got back into the car. Defendant testified that he did not jump out of the car because he was scared he would be shot. Defendant testified that Williams drove off and defendant said, "Let me the F out." Defendant said he then noticed they were being chased and thought that Williams was shooting at somebody associated with the person. According to defendant, once the car stopped, he immediately jumped out. Defendant said that he was holding his hands in the air when he got out of the car and that Officer Utreras apprehended him in the alley and told defendant to get on the ground, and defendant immediately complied. Defendant testified that Officer Utreras had his gun drawn, and that he kicked some snow in defendant's face. Defendant said that he told the officer "I ain't do it. I ain't do nothing." Defendant stated that he did not have a gun in his possession and that he never touched the gun. Defendant admitted that he had a prior conviction for unlawful use of a weapon. Defendant testified that Carey Williams had the gun and that he saw Williams shoot the gun. He further testified that he never told the police because "[he] did not have nothing to say to the police." On cross-examination, defendant stated that he was wearing a white and blue jacket under a black jacket, a black T-shirt, jeans, and tan boots.

¶ 9        In rebuttal, Officer Utreras testified that he was with Sergeant Roman when they took defendant into custody. Officer Utreras handcuffed defendant. Officer Utreras denied that he or any other officer kicked snow in defendant's face. Officer Utreras recovered the weapon from defendant's right outer coat pocket. Without asking him, defendant voluntarily stated "I didn't shoot anyone. I just picked up the gun."

¶ 10       Following the bench trial, defendant was convicted of two counts of unlawful use of a weapon by a felon and two counts of aggravated unlawful use of a weapon. The circuit court of

- 3 -

Cook County merged both counts of aggravated unlawful use of a weapon and one count of unlawful use of a weapon by a felon into count II, the unlawful use of a weapon by a felon count, based on defendant's possession of a handgun and a previous conviction for the felony offense of unlawful use of a weapon by a felon. Defendant was sentenced to nine years in prison.

¶ 11    On appeal, defendant argued that: (1) he was subjected to an improper double enhancement because his prior felony conviction for unlawful use of a weapon by a felon was used both as an element of his current offense of unlawful use of a weapon by a felon and to impose a harsher sentence; and (2) the trial court abused its discretion in sentencing him. The appellate court rejected those arguments. However, the appellate court agreed with defendant's argument, raised for the first time during oral argument, that he was improperly sentenced as a Class 2 offender when the State charged him with the offense of unlawful use of a weapon as a felon without providing notice that it intended to charge him with an "enhanced" Class 2 offense. The appellate court held that defendant's Class 2 sentence violated section 111-3(c) of the Code of Criminal Procedure. The appellate court therefore vacated defendant's sentence and remanded to the trial court with directions to impose a Class 3 sentence between 2 and 10 years because the State failed to give defendant notice of its intention to seek an "enhanced" sentence prior to trial. 2012 IL App (1st) 110023, ¶ 32. The appellate court also rejected defendant's claim that he was subjected to an improper double enhancement because his prior felony conviction for unlawful use of a weapon by a felon was used both as an element of his current offense of unlawful use of a weapon by a felon and to impose a harsher sentence. 2012 IL App (1st) 110023, ¶ 16.

¶ 12                                                ANALYSIS

¶ 13    The issue in this case is whether the State was required to notify defendant, pursuant to section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2008)), of its intent to seek an enhanced sentence. The parties disagree on whether such notice was required. On cross-appeal, defendant contends that he was subjected to improper double enhancement when the same prior felony conviction was used both to prove an element of the offense and to elevate the class of offense to a Class 2 offense and impose a harsher sentence. These issues present questions of statutory interpretation that constitute a legal matter, subject to *de novo* review. *People v. Davison*, 233 Ill. 2d 30, 40 (2009).

¶ 14    The State argues that no notice is required under section 111-3(c) of the Code of Criminal Procedure (725 ILCS 5/111-3(c) (West 2008)) because section 24-1.1(e) of the Criminal Code of 1961 (720 ILCS 5/24-1.1(e) (West 2008)) classifies a first unlawful use of a weapon by a felon conviction as a Class 3 felony, and a second or subsequent offense as a Class 2 felony. The State contends that a Class 2 conviction for a repeat conviction is not an "enhanced" sentence. Rather, the State claims, the prior felony conviction was set forth in the indictment, thus defendant was on notice that he was facing a Class 2 felony. According to the State, section 111-3(c) does not apply when the "enhancing" prior conviction is already an element of the offense and was expressly included in the charging instrument.

¶ 15    Defendant counters that he was improperly sentenced as a Class 2 offender when the State charged him with a Class 3 offense and did not give him notice pursuant to section 111-3(c) that it intended to charge him with an enhanced Class 2 offense. Accordingly, defendant asks

this court to affirm the appellate court judgment vacating his sentence and remanding for Class 3 sentencing.

¶ 16   This court's primary objective in interpreting a statute is to ascertain and give effect to the intent of the legislature. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440 (2010). The most reliable indication of the legislature's intent is the language of the statute, given its plain and ordinary meaning. *Solon*, 236 Ill. 2d at 440.

¶ 17   Section 111-3(c) of the Code of Criminal Procedure provides:

> "(c) When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in Section 5-4.5-10 of the Unified Code of Corrections (730 ILCS 5/5-4.5-10); it does not include an increase in the sentence applied within the same level of classification of offense." 725 ILCS 5/111-3(c) (West 2008).

¶ 18   In *People v. Jameson*, 162 Ill. 2d 282, 290 (1994), this court stated that "[t]he legislature enacted section 111-3(c) to ensure that a defendant receive notice, before trial, of the *offense* with which he is charged." (Emphasis in original.) In *Jameson*, this court delineated 26 statutes that House Sponsor Representative Homer referred to when explaining the statutes that section 111-3(c) would apply to. *Jameson*, 162 Ill. 2d at 289-90. We noted:

> "A general notice provision was needed because only 9 of the 26 statutes which permit the State to elevate an offense to a higher classification of offense based upon a prior conviction include a provision within the statute requiring the State to notify the defendant of its intent to elevate the classification of offense because of a prior conviction. [Citation.] The notice provisions in these nine statutes are almost identical to the notice provision contained in section 111-3. The remaining statutes, which similarly allow the State to increase the offense classification when a defendant has a prior conviction, do not contain a notice provision." *Jameson*, 162 Ill. 2d at 289-90.

In each of the 26 statutes delineated in *Jameson*, the prior conviction that allowed the State to increase the offense classification was not an element of the offense.

¶ 19   In construing the language of section 111-3(c), it is clear that the notice provision applies only when the prior conviction that would enhance the sentence is not already an element of the offense. The language of section 111-3(c) states that "the fact of such prior conviction and the State's intention to seek an enhanced sentence *are not elements of the offense* and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial." (Emphasis added.) 725 ILCS 5/111-3(c) (West 2008). This language necessarily implies that section 111-3(c) applies only when the prior conviction is not an element of the offense. We therefore agree with the State and conclude that notice under section 111-3(c) is not necessary when the prior conviction is a required element of the offense. Under these circumstances, only one class of felony conviction is possible for the offense as alleged in the charging instrument.

¶ 20        Here, defendant was convicted of unlawful use of a weapon by a felon pursuant to section 24-1.1(a) of the Criminal Code of 1961 (720 ILCS 5/24-1.l(a) (West 2008)). Section 24-1.1(a) provides, in part:

> "(a) It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction." 720 ILCS 5/24-1.1(a) (West 2008).

¶ 21        Defendant was sentenced as a Class 2 offender pursuant to section 24-1.1(e) of the Criminal Code. Section 24-1.1(e) provides, in relevant part:

> "(e) Sentence. Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony for which the person *** shall be sentenced to no less than 2 years and no more than 10 years and *any second or subsequent violation shall be a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years*. Violation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony, a felony in violation of Article 24 of this Code or of the Firearm Owners Identification Card Act, stalking or aggravated stalking, or a Class 2 or greater felony under the Illinois Controlled Substances Act, the Cannabis Control Act, or the Methamphetamine Control and Community Protection Act is a Class 2 felony for which the person shall be sentenced to not less than 3 and not more than 14 years. Violation of this Section by a person who is on parole or mandatory supervised release is a Class 2 felony for which the person, if sentenced to a term of imprisonment, shall be sentenced to not less than 3 years and not more than 14 years. Violation of this Section by a person not confined in a penal institution is a Class X felony when the firearm possessed is a machine gun. Any person who violates this Section while confined in a penal institution, which is a facility of the Illinois Department of Corrections, is guilty of a Class 1 felony, if he possesses any weapon prohibited under Section 24-1 of this Code regardless of the intent with which he possesses it, a Class X felony if he possesses any firearm, firearm ammunition or explosive, and a Class X felony for which the offender shall be sentenced to not less than 12 years and not more than 50 years when the firearm possessed is a machine gun. A violation of this Section while wearing or in possession of body armor as defined in section 33F-1 is a Class X felony punishable by a term of imprisonment of not less than 10 years and not more than 40 years. The possession of each firearm or firearm ammunition in violation of this Section constitutes a single and separate violation." (Emphasis added.) 720 ILCS 5/24-1.1(e) (West 2008).

¶ 22        The indictment in this case alleged that defendant was guilty of unlawful use of a weapon by a felon in that he was previously convicted of unlawful use of a weapon by a felon. The section 111-3(c) notice provision clearly does not apply in this case because the State did not seek to enhance defendant's sentence with his prior conviction. Rather, as alleged in the indictment, defendant's Class 2 sentence was the only statutorily allowed sentence under section 24-1.1(e) of the Criminal Code (720 ILCS 5/24-1.1(e) (West 2008)). Defendant could not have been given a Class 3 sentence under the applicable sentencing statute.

¶ 23 As this court recognized in *People v. White*, 2011 IL 109616, ¶ 20:

"A court does not have authority to impose a sentence that does not conform with statutory guidelines [citations] and a court exceeds its authority when it orders a lesser or greater sentence than that which the statute mandates [citation]. [Citation.] In such a case, the defendant's sentence is illegal and void."

¶ 24 Imposing a Class 3 sentence in this case was outside the applicable statutorily mandated sentencing range. If the legislature had intended section 111-3(c) to apply even when the prior conviction is an element of the offense, it would have clearly said so. Logically, such notice is unnecessary when the prior conviction is already a required element of the offense and only one class of felony is possible for that offense as alleged in the charging instrument. Accordingly, we hold that the appellate court erred when it vacated defendant's Class 2 sentence for repeatedly violating the unlawful use of a weapon by a felon statute and remanded for imposition of an unauthorized Class 3 sentence on the grounds that the State failed to meet its obligation to notify defendant of its intention to seek an "enhanced" sentence.

¶ 25 We also find *People v. Nowells*, 2013 IL App (1st) 113209, persuasive on this issue. *Nowells* similarly held that the notice provisions of section 111-3(c) are inapplicable when the prior conviction is a required element of the offense. In *Nowells*, the defendant was convicted of unlawful use of a weapon by a felon. On appeal, the defendant argued that he was not provided notice pursuant to section 111-3(c) that he was being charged with a Class 2 offense of unlawful use of a weapon by a felon. The appellate court rejected the defendant's argument, holding that "[Section 111-3(c)] notice is not necessary when the prior conviction is a required element of the offense, such that only one class of felony conviction is possible for that offense as alleged in the charging instrument." *Nowells*, 2013 IL App (1st) 113209, ¶ 26. The court reasoned that "[i]n looking at the language of this statute, it is clear to us that the section 111-3(c) notice provision with which defendant is concerned only applies when the prior conviction that would enhance the sentence is not already an element of the offense." *Nowells*, 2013 IL App (1st) 113209, ¶ 26.

¶ 26 Here, defendant's entire argument is based on the faulty premise that he was found guilty of a Class 3 offense but was given a Class 2 sentence. Defendant's prior conviction for unlawful use of a weapon by a felon was already included as an element of the charged offense, and section 24-1.1(e) clearly dictates that the crime is a Class 2 offense. See, *e.g.*, *People v. Powell*, 2012 IL App (1st) 102363, ¶ 12 ("The flaw in defendant's reasoning is that the sentencing court did not determine that defendant committed a Class 2 felony; the General Assembly made that determination in enacting section 24-1.1(e). *** The trial court did not impermissibly enhance defendant's penalty, but simply imposed the special penalty range established by the legislature for defendant's conduct."). Simply stated, defendant was consistently charged with a Class 2 offense, found guilty of a Class 2 offense, and sentenced as a Class 2 offender. There is no error here.

¶ 27 On cross-appeal, defendant raises an additional issue. Defendant argues that he was subjected to improper double enhancement where the same prior felony conviction was used both to prove an element of the offense and to elevate the class of offense to a Class 2 offense and impose a harsher sentence.

¶ 28 According to the State, no double enhancement occurred here. Defendant's prior conviction was used only as an element of the offense, and he received the only class of offense and sentence he could receive. We agree. Again, defendant's argument erroneously assumes

- 7 -

that he was charged and convicted of a Class 3 offense and sentenced as a Class 2 offender. Because we have found that defendant was charged, convicted, and sentenced as a Class 2 offender, defendant's double enhancement claim necessarily fails. The prior conviction for unlawful use of a weapon by a felon was used only once, as an element of the offense, and not also to enhance the offense.

¶ 29    In *Powell*, 2012 IL App (1st) 102363, the appellate court rejected an argument identical to defendant's argument. *Powell* addressed the double enhancement concerns associated with sections 24-1.1(a) and (e). In *Powell*, the defendant alleged he was subject to improper double enhancement when the trial court sentenced him as a Class 2 felon pursuant to section 24-1.1(e) by using a prior burglary conviction, where the same burglary conviction was used to enhance his unlawful use of a weapon conviction under section 24-1.1(a). *Powell*, 2012 IL App (1st) 102363, ¶ 6. The *Powell* court found the legislature clearly intended "to elevate the class of felony and the resulting penalty upon some aspect of the crime, as here, where the offender has a previous conviction for a forcible felony." *Powell*, 2012 IL App (1st) 102363, ¶ 11. The *Powell* court disagreed with the defendant's argument that he was subject to double enhancement. Rather, "[o]nce defendant was convicted of the Class 2 felony, no further enhancement occurred." *Powell*, 2012 IL App (1st) 102363, ¶ 11. Thus, by sentencing the defendant according to section 24-1.1(e), the trial court simply imposed the "penalty range established by the legislature for defendant's conduct" rather than "impermissibly enhanc[ing] defendant's penalty." *Powell*, 2012 IL App (1st) 102363, ¶ 12.

¶ 30    Similar to *Powell*, defendant's prior conviction in this case of unlawful use of a weapon by a felon elevated the seriousness of his current unlawful use of a weapon by a felon conviction under section 24-1.1(e), providing that "any second or subsequent violation shall be a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(e) (West 2008). Here, the trial court sentenced defendant to a Class 2 term of nine years, well within the range authorized by section 24-1.1(e). Accordingly, we affirm the appellate court's holding that defendant's sentence did not constitute an improper double enhancement.

¶ 31                                   CONCLUSION

¶ 32    For the foregoing reasons, we reverse that part of the appellate court's judgment vacating defendant's Class 2 sentence and remanding with directions to sentence defendant as a Class 3 offender. We affirm that part of the appellate court's judgment holding that defendant's sentence did not constitute improper double enhancement.

¶ 33    Appellate court judgment affirmed in part and reversed in part.

¶ 34    Circuit court judgment affirmed.