# Illinois Official Reports

## Appellate Court

---

### *People v. Wilbourn*, 2014 IL App (1st) 111497

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VALENTINO WILBOURN, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-11-1497 |
| Filed | April 30, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although defendant waived his challenge to his sentence for unlawful use of a weapon by a felon by failing to file a motion to reconsider, his claim that the sentence was improper was considered on the ground that sentencing issues are matters affecting defendant's substantial rights and are excepted from the waiver doctrine, but defendant's challenge was rejected, since he was appropriately sentenced for a Class 2 felony pursuant to the decisions in *Powell* and *Easley* without any improper double enhancement based on his prior conviction for aggravated battery resulting in great bodily harm; furthermore, the prior aggravated battery conviction was an element of the weapons offense and the charging instrument did not have to inform defendant that a sentence enhancement was sought based on the prior conviction. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-10373; the Hon. Jorge Luis Alonso, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Philip D. Payne, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Jon Walters, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Presiding Justice Hyman and Justice Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, the trial court found the defendant, Valentino Wilbourn, guilty of unlawful use of a weapon by a felon and possession of marijuana with intent to distribute. On appeal, Wilbourn seeks to challenge only the sentence on the weapons charge. Wilbourn argues that the charging instrument did not adequately notify him of the State's intention to seek an enhanced sentence, and the court impermissibly used his prior conviction first as an element of the offense and second as grounds for enhancing his sentence. We find that our supreme court's decision in *People v. Easley*, 2014 IL 115581, resolves both issues adversely to Wilbourn's arguments. Therefore, we affirm the trial court's judgment.

¶ 2                                          BACKGROUND

¶ 3    On April 30, 2010, Sergeant Martin Murphy and other police officers executed a search warrant on an apartment located on the south side of Chicago. When the officers entered the apartment, they saw a woman sitting at a kitchen table, a man just leaving the apartment, and Wilbourn coming out of a bathroom. The officers found 45 bags of marijuana on the kitchen table and a loaded gun hidden in the cushions of the sofa. After an officer reminded Wilbourn of his constitutional rights, Wilbourn told the officers that the gun and all of the marijuana belonged to him. The officers arrested Wilbourn.

¶ 4    Prosecutors charged Wilbourn with possession of more than 30 grams of marijuana with intent to distribute. See 720 ILCS 550/5(d) (West 2010). Because Wilbourn had a prior conviction from 2002 for aggravated battery resulting in great bodily harm, prosecutors also charged Wilbourn with unlawful use of a weapon by a felon. See 720 ILCS 5/24-1.1(a) (West 2010).

¶ 5    The trial court, after a bench trial, found Wilbourn guilty on those charges. The court denied Wilbourn's motion for a new trial and sentenced him to concurrent terms of five years in prison on each charge. At the sentencing hearing, the court admonished Wilbourn that if he

wanted to challenge the sentence, he needed to file a motion to reconsider the sentence within 30 days of sentencing, and that if he failed to file such a motion, he would lose the right to challenge the sentence on appeal. See Ill. S. Ct. R. 605 (eff. Oct. 1, 2001).

¶ 6　　Wilbourn filed no motion to reconsider the sentence. He filed a timely notice of appeal.

¶ 7　　　　　　　　　　　　　ANALYSIS

¶ 8　　　　　　　　　　　　　Waiver

¶ 9　　In this appeal, Wilbourn seeks to challenge only the propriety of the sentence. The State contends that Wilbourn waived this issue by failing to file a motion to reconsider the sentence. See 730 ILCS 5/5-4.5-50(d) (West 2010); *People v. Reed*, 177 Ill. 2d 389, 393 (1997). However, this court has held that "[s]entencing issues are regarded as matters affecting a defendant's substantial rights and are thus excepted from the doctrine of waiver." *People v. Baaree*, 315 Ill. App. 3d 1049, 1050 (2000); see also *People v. Owens*, 377 Ill. App. 3d 302, 304 (2007); *People v. Carmichael*, 343 Ill. App. 3d 855, 859 (2003); *People v. Brials*, 315 Ill. App. 3d 162, 170 (2000). We will review the sentencing issues on their merits.

¶ 10　　　　　　　　　　　　Double Enhancement

¶ 11　　Wilbourn argues that the trial court used the 2002 aggravated battery conviction to doubly enhance his sentence. First, the court used the 2002 conviction as an element of the Class 3 offense of unlawful use of a weapon by a felon. Second, the court used the same prior conviction for a forcible felony to enhance the offense to a Class 2 felony. Section 24-1.1 of the Criminal Code of 1961 establishes that if a person guilty of a forcible felony knowingly possesses a prohibited weapon, that person has committed a Class 2 felony of unlawful use of a weapon by a felon. 720 ILCS 5/24-1.1(a), (e) (West 2010). Section 2-8 of the Criminal Code lists aggravated battery resulting in great bodily harm as a forcible felony. 720 ILCS 5/2-8 (West 2010).

¶ 12　　Wilbourn acknowledges that the appellate court in *People v. Powell*, 2012 IL App (1st) 102363, decided the same issue. The court there held that section 24-1.1 creates a Class 3 felony of unlawful use of a weapon by a person who committed a prior nonforcible felony, and a Class 2 felony of unlawful use of a weapon by a person who committed a prior forcible felony. *Powell*, 2012 IL App (1st) 102363, ¶ 12. The *Powell* court found that the trial court had not enhanced the penalty on Powell at all by imposing a sentence appropriate for a Class 2 felony, because Powell had a prior conviction for a forcible felony when he possessed a weapon. Wilbourn argues that we should not follow *Powell* because the *Powell* court misconstrued the statute.

¶ 13　　During the pendency of this appeal, our supreme court resolved the issue, as it approved the reasoning of *Powell*. *Easley*, 2014 IL 115581, ¶¶ 29-30. Following *Powell* and *Easley*, we find that the trial court here imposed a sentence appropriate for the Class 2 felony of unlawful use of a weapon by a felon who committed a prior forcible felony. The trial court did not doubly enhance Wilbourn's sentence.

¶ 14　　　　　　　　　　　　Charging Instrument

¶ 15　　Next, Wilbourn argues that the trial court should not have sentenced him as a Class 2 felon, because the charging instrument did not specifically notify him that the State sought to

enhance the level of the charged weapons offense to a Class 2 felony based on the prior conviction. See 725 ILCS 5/111-3 (West 2010).

¶ 16 The *Easley* court rejected an indistinguishable argument. The *Easley* court held that "the notice provision applies only when the prior conviction that would enhance the sentence is not already an element of the offense." *Easley*, 2014 IL 115581, ¶ 19. Because the prior conviction for aggravated battery resulting in great bodily harm is an element of the offense of unlawful use of a weapon by a felon, "notice under section 111-3(c) [of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2008))] is not necessary." *Easley*, 2014 IL 115581, ¶ 19.

¶ 17 Following *Easley*, we hold that the charging instrument permitted the court to sentence Wilbourn for the Class 2 felony of unlawful use of a weapon by a felon.

¶ 18                                 CONCLUSION

¶ 19 The *Easley* and *Powell* courts held that section 24-1.1 creates two separate levels of the offense of unlawful use of a weapon by a felon, and the possession of a weapon by a person who committed a prior forcible felony constitutes a Class 2 felony. Under *Easley* and *Powell*, the trial court properly sentenced Wilbourn for the Class 2 felony of unlawful use of a weapon by a felon. The prosecutor's failure to specify, in the charging instrument, that he sought a conviction for a Class 2 felony did not violate section 111-3 of the Code of Criminal Procedure. Accordingly, we affirm the sentence the trial court imposed on the weapons charge.

¶ 20          Affirmed.