NOTICE

Decision filed 11/02/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200398-U

NO. 5-20-0398

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 18-CF-447 |
| | ) | |
| TROYT A. COX, | ) | Honorable |
| | ) | Allan F. Lolie, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the defendant's conviction and sentence, because there is no merit to the defendant's contention that his conviction for driving while license revoked should be reduced from a Class 4 felony to a Class A misdemeanor. We do not agree that the charging instrument in this case did not strictly comply with the notice requirements of section 111-3(c) of the Code of Criminal Procedure of 1963 by failing to identify the prior convictions being used to enhance the defendant's sentence.

¶ 2    The defendant, Troyt A. Cox, was convicted, following a jury trial in the circuit court of Effingham County, of driving while license revoked. He was thereafter sentenced to a term of 30 months of imprisonment in the Illinois Department of Corrections, to be followed by one year of mandatory supervised release. This is his direct appeal from his conviction and sentence. For the following reasons, we affirm.

1

¶ 3                                    I. BACKGROUND

¶ 4      Because the defendant's sole argument on appeal involves a strictly legal issue, rather than a factual one, we provide only those facts necessary to an understanding of the defendant's argument. On November 21, 2018, the defendant was charged, by information, with one count of driving while license revoked. The information alleged, *inter alia*, that on that date, the defendant "drove a motor vehicle" while his driving privileges were "revoked by the Secretary of State of Illinois, for a violation of Driving Under the Influence of Alcohol." The information further alleged "that the [d]efendant committed the violation of Driving While License Revoked or a similar provision for the *** second or subsequent time," which made the offense a Class 4 felony.

¶ 5      On December 12, 2018, the defendant was indicted for the same offense. The charging language in the indictment was identical to the charging language in the information. On August 13, 2020, the defendant, acting *pro se*, filed a motion to dismiss the charge against him, contending, in essence, that both the information and the indictment in this case failed to strictly comply with the notice requirements of section 111-3(c) of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2018)) because they did not identify the particular prior conviction or convictions that the State wished to use to enhance his offense from a misdemeanor to a felony. He further contended that none of his prior convictions met the requirements for enhancement of the offense in this case.

¶ 6      On August 18, 2020, a hearing was held on the motion. After hearing argument from the defendant, the trial judge denied the first portion of the defendant's motion to dismiss, agreeing with the State that the charging instrument did not need to list any particular prior convictions, and instead needed only to state that there were qualifying prior convictions. He thereafter denied the second portion of the defendant's motion to dismiss as well, although he did not specify in detail his reasons for so doing.

2

¶ 7    On August 27, 2020, the defendant, *pro se*, filed a second motion to dismiss, in which he again contended, *inter alia*, that he had not been provided with adequate notice of the prior convictions the State wished to use to enhance his offense. Prior to testimony beginning that morning in the defendant's jury trial, the trial judge addressed the motion. After hearing argument from the defendant, the trial judge asked if the defendant had been provided, in discovery, with a copy of his driving abstract. The State contended that it had provided him with a copy, whereas the defendant contended that he had not received one. The trial judge then ensured that the defendant was provided with a copy. The trial judge thereafter ruled that the charge against the defendant "was pled sufficiently although not the way I prefer to plead it. Not the way I used to plead it. However, I think it was sufficient to put you on notice that it is a Class 4 felony. And that they are going to be seeking a Class 4 sentence, if you are convicted based on allegation." He thereafter stated to the defendant, "Sir, the issue *** is whether or not you were currently a revoked driver. The issue of whether *** it's a misdemeanor or a felony is going to be reserved for sentencing, if you're convicted."

¶ 8    At trial, the arresting officer testified for the State, and the State introduced into evidence a redacted copy of the defendant's driving abstract, which stated that the revocation of the defendant's driver's license was in effect on the date of the alleged offense, November 21, 2018. The defendant testified on his own behalf. Thereafter, the jury deliberated for approximately 10 minutes, then found the defendant guilty of the offense of driving while license revoked.

¶ 9    On September 28, 2020, the defendant filed a posttrial motion. He did not renew the arguments raised in his previous motions to dismiss about receiving notice that was adequate under section 111-3(c) of the Code of Criminal Procedure. A sentencing hearing was held on October 30, 2020. Therein, *inter alia*, the State, at the request of the trial judge, introduced into evidence a certified copy of the defendant's driving abstract. The trial judge thereafter noted that the defendant

3

had convictions for driving under the influence in 1991, 1997, and 1999, which "resulted in revocation of [the defendant's] driver's license after 1999." He explained to the defendant that for sentencing purposes, "[t]he State alleges that you were convicted of driving while revoked. This would be the second time. Meaning the one we are here on today. They would have to show that your 2010 Class 4 felony driving while revoked or your [2018] driving while revoked caused this." He thereafter added:

"My review of your abstract shows you have never been reinstated from that revocation. So I will let you make your record. You're driving while—you're revoked from prior DUIs and I do have documentary evidence that you have a prior conviction for DUI making this a Class 4 felony. The only issue is whether or not it's a third one or not. And I will have to check the dates on that. Either way it's going to be a Class 4 felony."

¶ 10     Following additional argument from the defendant, the trial judge ruled that the defendant was "clearly put on notice what [the State was] alleging and now they proved it up at sentencing." The parties presented arguments in aggravation and in mitigation, and the defendant offered a statement in allocution. Thereafter, the trial judge sentenced the defendant to 30 months of imprisonment in the Illinois Department of Corrections, to be followed by one year of mandatory supervised release. The defendant noted that his September 28, 2020, posttrial motion had not been ruled upon. Following arguments from the parties, the trial judge denied the motion. Subsequent to the October 30, 2020, hearing, the defendant made various other *pro se* filings, all of which eventually were denied, and none of which are relevant to this appeal, which was timely filed.

¶ 11                                    II. ANALYSIS

¶ 12     On appeal, the defendant's sole argument is that his conviction should be reduced from a Class 4 felony to a Class A misdemeanor because, according to the defendant, "the charging instruments failed to strictly comply with the notice requirements of [section] 111-3(c) of the Code

4

of Criminal Procedure by failing to identify the prior convictions being used [to] enhance the sentence." Specifically, he takes issue with the indictment in this case, which is the charging instrument upon which he was tried. He acknowledges that this court reviews *de novo* the legal question of whether a charging instrument such as an indictment is sufficient. See, *e.g.*, *People v. Carey*, 2018 IL 121371, ¶ 19. He argues that pursuant to the plain language of section 111-3(c), in order for the charging instrument to give adequate notice to the defendant, the charging instrument was required to "state" the prior conviction or convictions being used to enhance his sentence, which he interprets to mean that the charging instrument had to list a particular prior conviction or convictions with more specificity than happened in this case. He notes that he has already served his 30-month sentence, and therefore asks that this court reduce his conviction to a Class A misdemeanor, rather than remanding for further proceedings in the circuit court. In support of his substantive argument, the defendant asks us to consider, as persuasive authority, the unpublished order of our colleagues in the First District in *People v. Lyke*, 2021 IL App (1st) 170371-U.

¶ 13     The State responds that it believes the indictment *did* strictly comply with the requirements of section 111-3(c), because "the indictment fulfilled the notice requirement by stating that [the] defendant committed a Class 4 felony, in violation of section 6-303(d) of the Vehicle Code (625 ILCS 5/6-303(d) (West 2018))," which states, of relevance to this case, that anyone who violates, a second or subsequent time, the section's prohibition against driving while license revoked is guilty of a Class 4 felony. The State contends that because "[t]he indictment expressly referenced the relevant section under the Vehicle Code, and stated that [the] defendant committed the offense of driving while license revoked 'for a second or subsequent time,' " there was no lack of strict compliance, and thus, no error. The State further contends that *Lyke* is not relevant to this case, because in *Lyke*, the charging instrument did in fact list a particular prior conviction, including its trial court case number, but when that prior conviction was subsequently vacated, the State asked

to use a different prior conviction, for a different offense—which was not listed at all in the charging instrument—to enhance the defendant's sentence, whereas "the indictment in the present case gave proper notice to [the] defendant that the State intended to seek an enhanced sentence due to [the] defendant's prior [driving while license revoked] or similar driving convictions." The State adds that in this case, "the indictment correctly notified [the] defendant of the existence of the predicate *** convictions," whereas "[n]o such notice of a valid predicate conviction was given in *Lyke*, where the particular felony conviction stated in the indictment was void *ab initio* and had been vacated prior to the defendant's sentencing hearing, and the indictment did not identify another basis for the enhancement."

¶ 14   In his reply brief, the defendant contends that in this case, "the indictment's general allegation" of a qualifying predicate felony conviction is simply not the same thing, in terms of strict compliance, as identifying the particular prior felony conviction or convictions the State wishes to use to enhance the defendant's sentence. He argues that section "111-3(c)'s first requirement to give notice of the State's intention to seek an enhanced sentence based on a prior conviction already gives the defendant notice that a valid predicate conviction may exist," because "the State would not be seeking to enhance the sentence based on a prior conviction unless a prior conviction existed." He adds that "the second requirement to 'state such prior conviction' necessarily must require something more, otherwise that portion of the statute would be superfluous." He also opines that the State's efforts to distinguish *Lyke* are not convincing, and that pursuant to *Lyke*, there was no strict compliance in this case.

¶ 15   Having recounted the positions of the parties on appeal, we turn to the law at issue in this case. Section 111-3(c) of the Code of Criminal Procedure of 1963 states, in relevant part, that "[w]hen the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give

6

notice to the defendant." 725 ILCS 5/111-3(c) (West 2018). The Illinois Supreme Court has held, on multiple occasions, that section 111-3(c) was enacted by the Illinois General Assembly to ensure that a defendant receives notice, prior to that defendant's trial, of the offense or offenses with which the defendant is charged, and has also held that "the notice provision applies only when the prior conviction that would enhance the sentence is not already an element of the offense." *People v. Easley*, 2014 IL 115581, ¶¶ 18-19. Moreover, as the defendant points out, the Illinois Supreme Court has held that "when an indictment or information is challenged before trial, the indictment or information must strictly comply with the pleading requirements of section 111-3," and if it does not do so, "the proper remedy is dismissal." *People v. Espinoza*, 2015 IL 118218, ¶ 23.

¶ 16 The parties have provided this court with no binding precedential authority—and no persuasive authority other than *Lyke*—that discusses what "strict compliance" means in terms of the level of descriptive detail about a prior conviction that must be provided for a charging instrument to adequately meet section 111-3(c)'s requirement that "[w]hen the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant." 725 ILCS 5/111-3(c) (West 2018). Indeed, as explained below, even the *Lyke* decision does not address that particular question.

¶ 17 In *Lyke*, the defendant was charged, by indictment, with one count of unlawful use of a weapon by a felon and two counts of aggravated unlawful use of a weapon. 2021 IL App (1st) 170371-U, ¶ 7. The first count was based upon the defendant's prior conviction for " 'the felony offense of aggravated unlawful use of a weapon, under case number 11 CR 18974,' " while the latter two counts "announced the State's intention 'to sentence [the defendant] as a Class 2 offender in that he has been previously convicted of the offense of aggravated unlawful use of weapon under

7

case number 11 CR 18974.' " *Id*. At trial, the State introduced into evidence, *inter alia*, a certified copy of the defendant's conviction in 11 CR 18974. *Id.* ¶ 22. Ultimately, the defendant was convicted at trial of both counts of aggravated unlawful use of a weapon. *Id.* At his subsequent sentencing hearing, the defendant notified the trial judge that his 2011 conviction for aggravated unlawful use of a weapon was vacated in January of 2017. *Id.* ¶ 23. After the trial judge stated that he would not take the defendant's vacated conviction into consideration, the State informed the court that the defendant had a 2010 conviction for possession of a controlled substance, and the trial judge ultimately imposed a Class 2 felony sentence. *Id.*

¶ 18    Our colleagues in the First District observed, as have we, that the language of section 111-3(c) states that when an enhancement is sought, "the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant." (Internal quotation marks omitted.) *Id.* ¶ 56. The *Lyke* court thereafter stated that "[a]s indicated by the 'and' in this sentence, both are required," because "[t]o interpret the statute in any other manner would be to render the word meaningless and insignificant, which we must not do." *Id.* The court subsequently stated that "section (c) also requires that the charging instrument state *which* prior conviction is serving as the basis of the enhancement." (Emphasis in original.) *Id.* ¶ 61. Ultimately, the court ruled that the trial judge improperly enhanced the defendant's sentence from Class 4 to Class 2 on the basis of the 2010 conviction for possession of a controlled substance, because the indictment gave notice only of the State's intent to sentence the defendant as a Class 2 offender on the basis of his prior conviction for aggravated unlawful use of a weapon in case No. 11 CR 18974—which the court reiterated had been vacated pursuant to Illinois Supreme Court precedent and accordingly was considered void *ab initio*—and because, therefore, the indictment did not provide "proper notice pursuant to section 111-3(c), where the State effectively failed to 'state such prior conviction so as to give notice to the defendant.' " *Id.*

8

¶ 19   Thus, *Lyke* addressed the question of whether, if the charging instrument has alleged a particular prior conviction as a basis for enhancement of the defendant's sentence, the State can, at the time of sentencing, replace that particularly-described—and subsequently vacated—conviction with a different prior conviction, for an entirely different offense. The *Lyke* court ruled that, at least in situations where the original prior conviction was vacated and deemed to be void *ab initio*—and thus the indictment could not be said to "state" any valid prior conviction at all—the answer was no. The *Lyke* court was not asked to address, and in fact did not address, the question of what "strict compliance" means in terms of the level of descriptive detail about a prior conviction that must be provided in all cases for a charging instrument to adequately meet section 111-3(c)'s requirement that "[w]hen the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant." Accordingly, we agree with the State that the *Lyke* decision is of limited usefulness to our resolution of that question.

¶ 20   We reiterate that the Illinois Supreme Court, in *Easley* and in other cases, has held that section 111-3(c) was enacted by the Illinois General Assembly to ensure that a defendant receives notice, prior to that defendant's trial, of the offense or offenses with which the defendant is charged. See 2014 IL 115581, ¶ 18. In light of that holding, we conclude that in this case, the indictment—which, as described above, alleged for purposes of the proposed enhancement "that the [d]efendant committed the violation of Driving While License Revoked or a similar provision for the *** second or subsequent time"—was specific enough to provide adequate notice and therefore to strictly comply with section 111-3(c). The indictment told the defendant that if he was found guilty of the charged offense, his sentence would be enhanced because he had previously violated—on one or more occasions—the prohibition against driving while his license was revoked, or had previously violated—on one or more occasions—a similar provision. We fail to

9

see how this notice was inadequate to apprise the defendant of the charge and the basis of the possible sentencing enhancement, or how it otherwise fails to strictly comply with section 111-3(c). We also fail to see how it is analogous to the situation in *Lyke*, where the State, at sentencing, relied upon an entirely different offense than that listed in the indictment for its proposed enhancement.

¶ 21 With regard to the defendant's argument that section 111-3(c) has two requirements—that the State give notice of its intent to seek enhancement based upon a prior conviction or convictions, *and* that it "state such prior conviction"—we agree that this is true, but we do not agree that this cannot be done in a concise manner, such as in a single sentence, as occurred here, and we do not agree that in this case "stating" such prior convictions required anything other than using language such as that used in this case: "that the [d]efendant committed the violation of Driving While License Revoked or a similar provision for the *** second or subsequent time." Our conclusion is supported by a comparison of section 111-3(c) to section 111-3(a). Section 111-3(a) sets out the specific requirements for criminal charges, stating that they "shall be in writing and allege the commission of an offense by" the following:

"(1) Stating the name of the offense;

(2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which [the accused] can be identified with reasonable certainty." 725 ILCS 5/111-3(a) (West 2018).

¶ 22 When this detailed language is compared to section 111-3(c)'s straightforward directive that "[w]hen the State seeks an enhanced sentence because of a prior conviction, the charge shall

also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant," it is clear that the General Assembly has demonstrated that when a certain level of descriptive detail is required for the charging instrument to be in strict compliance with section 111-3(c), the General Assembly will specify what that level of descriptive detail is. We conclude that because in section 111-3(c), the General Assembly provided no such specifications with regard to how to "state" prior convictions, it is reasonable to conclude that strict compliance with section 111-3(c) does not require anything more than what the State provided in this case, which, as noted above, apprised the defendant of the convictions that could be used to enhance his sentence in this case.

¶ 23                                    III. CONCLUSION

¶ 24    For the foregoing reasons, we affirm the defendant's conviction and sentence.


¶ 25    Affirmed.