# Illinois Official Reports

## Appellate Court

---

### *People v. Pryor*, 2014 IL App (1st) 121792-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY PRYOR, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>No. 1-12-1792 |
| Filed | July 25, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's conviction and sentence for Class 2 felony of unlawful use or possession of a weapon by a felon, the appellate court rejected his contentions that his conviction was improperly enhanced from a Class 3 to a Class 2 offense because the charging instrument did not provide him with notice of the enhancement and that an improper double jeopardy enhancement was employed by using his prior conviction as an element of the offense and to support the enhancement, since defendant was charged with a Class 2 felony, found guilty of a Class 2 offense, and sentenced as a Class 2 offender, his sentence was never enhanced, no notice of enhancement was required, and there was no improper double enhancement. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-3619; the Hon. Stanley J. Sacks, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and James J. Morrissey, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and John E. Nowak, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Palmer and Taylor concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant Anthony Pryor was convicted of one count of unlawful use or possession of a weapon (UUW) by a felon and sentenced to five years in prison. On direct appeal, defendant raised claims that challenged only his sentence. Defendant claimed: (1) that his UUW conviction was improperly enhanced from a Class 3 to a Class 2 offense where the State's charging instrument failed to provide the notice required by the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010)) when the State was seeking an enhanced classification of the offense; and (2) that defendant was subjected to an improper double jeopardy enhancement because the same prior felony conviction was used both to prove an element of the offense and to elevate the class of offense from a Class 3 to a Class 2 felony. *People v. Pryor*, 2013 IL App (1st) 121792, ¶ 1.

¶ 2 In support of his statutory claim, defendant relied on two opinions recently issued by the First District that invalidated Class 2 convictions for UUW when the State failed to comply with the notice requirement in section 111-3(c) (725 ILCS 5/111-3(c) (West 2010)): *People v. Easley*, 2012 IL App (1st) 110023, and *People v. Whalum*, 2012 IL App (1st) 110959.

¶ 3 On December 27, 2013, we delivered judgment in favor of defendant, invalidating defendant's Class 2 conviction and remanding the case for resentencing as a Class 3 felony. *Pryor*, 2013 IL App (1st) 121792, ¶ 4. We reasoned that "until directed otherwise by our supreme court, we decline the State's request to conclude that [*Easley* and *Whalum* were] wrongly decided." *Pryor*, 2013 IL App (1st) 121792, ¶ 4. We observed that the Illinois Supreme Court had granted a petition for leave to appeal in the *Easley* case, and thus, "we [would] have a definitive answer shortly by our supreme court on the question that we [were] called upon to answer." *Pryor*, 2013 IL App (1st) 121792, ¶ 4.

¶ 4 Since we delivered our judgment, the supreme court ruled in *Easley* that notice of enhancement is not required when a prior conviction is already an element of the offense. *People v. Easley*, 2014 IL 115581, ¶ 19. Accordingly, the supreme court issued a supervisory order directing us to vacate our judgment in *Pryor*, 2013 IL App (1st) 121792, and to reconsider our judgment in light of the supreme court's decision in *Easley*. *People v. Pryor*, No. 117276 (Ill. May 28, 2014). We now affirm defendant's Class 2 conviction.

¶ 6    As there is no factual issue before us, we set forth only the few relevant facts, which are the facts concerning the charging instrument, those concerning his conviction, and those concerning his sentencing.

¶ 7    Defendant was charged by information with two counts of UUW by a felon and with four counts of aggravated UUW. Counts I and II, which were the two counts of UUW by a felon, were for possession of a firearm and firearm ammunition, respectively. Both counts were based on defendant's "having been previously convicted of the felony offense of unlawful use of weapon, under case number 07 CR 18901."

¶ 8    Defendant was convicted of count I, which stated:

"Anthony Pryor committed the offense of unlawful use or possession of a weapon by a felon in that he knowingly possessed on or about his person any firearm, to wit, handgun, after having been previously convicted of the felony offense of unlawful use of a weapon, under case number 07 CR 18901, under the laws of the State of Illinois, in violation of Chapter 720, Act 5, Section 24-1.1(a) of the Illinois Compiled Statutes 1992 as amended ***."

The count did not state whether it was charging a Class 2 or Class 3 felony, and it did not state that the prosecutor was seeking an enhanced sentence.

¶ 9    The count, as written, appears to state that defendant's prior conviction was a violation of "Chapter 720, Act 5, Section 24-1.1(a)." The count states that defendant was "previously convicted of the felony offense of unlawful use of a weapon, under case number 07 CR 18901, under the laws of the State of Illinois, in violation of Chapter 720, Act 5, Section 24-1.1(a) of the Illinois Compiled Statutes 1992 as amended." However, according to defendant's presentence report, defendant's prior conviction was a violation of section 24-1, not section 24-1.1.

¶ 10    During trial, the State's evidence established that defendant possessed a gun on the night of February 7, 2011, and no issues are raised on appeal concerning the sufficiency of the State's evidence.

¶ 11    Before the State rested, the prosecutor stated, and the defense counsel agreed, that there was "a stipulation by and between the parties that the defendant has a prior felony conviction under case number 07 CR 18901." The stipulation did not state what the prior felony conviction was for, and the State did not introduce a certified copy of the conviction. The appellate record does not contain a certified copy of the conviction.

¶ 12    Although the stipulation did not describe the prior offense, the subsequent presentence report indicated that "Case # 07 CR 1891901" concerned a violation of "Statute 720-5/24-1(a)(7)(ii)." See 720 ILCS 5/24-1(a)(7)(ii) (West 2010) (prohibiting the possession of a short-barreled shotgun).

¶ 13    Following a bench trial, defendant was found guilty on January 3, 2012, of count I, quoted above. The trial court did not enter any findings on the remaining counts, and it sentenced defendant to a Class 2 sentence of five years in prison.

¶ 14    At sentencing on May 29, 2012, the following discussion about the correct class of sentence occurred:

"THE COURT: State, do you believe–It's a Class Two, we know that, what's the range on this kind of charge?

PROSECUTOR: Judge, it's the State's position it's 3 to 14 years.

THE COURT: [Defense counsel], do you agree or disagree with the range?

DEFENSE COUNSEL: It's 3 to 7 years.

THE COURT: It's not 3 to 7. I think it's at least 3 to 10 but we'll see. Will somebody get me the file on Pryor, please, the one that's involved with the gun charge, 11 CR 3619.

PROSECUTOR: Judge, I have the statute.

THE COURT: What is it?

PROSECUTOR: 720 ILCS 5/24-1.1

THE COURT: Okay. Thanks. It's unlawful for any person to knowingly possess on or about his person on his own land or abode, et cetera, any weapon if convicted of a felony previously. So far that applies in this case. And then penalty, violation of this section for anyone I just read by a person not confined to a penal institution, he wasn't confined at the time of the offense, it would be a Class Three felony. The person shall be sentenced to a term of not less than 2, no more than 10 years. Okay. So it's 2 to 10. State agree or disagree?

PROSECUTOR: Judge, I disagree. I think if there's a prior gun conviction it becomes 3 to 14.

THE COURT: Okay, let's see if you're right about that. The State is right, it's a Class Two, it carries 3 to 14. It's a very long sentencing paragraph, it takes about three inches, the print is small. [The prosecutor] is correct. It's a Class Two, 3 to 14 as opposed to 2 to 10. It won't be the top number anyway so it's academic but it's 3 to 14. ***

On the case before me, the weapons charge, 11 CR 3619, he'll be sentenced to five years in the Department of Corrections."

When the trial court observed "the State is right," defense counsel did not object. The trial court then sentenced defendant to a Class 2 sentence of five years in prison, and the mittimus also reflects a five-year sentence for a Class 2 felony. Defendant did not file a postsentencing motion and instead filed a notice of appeal on June 1, 2012; and this timely appeal followed.

¶ 15                                                 ANALYSIS

¶ 16        On this direct appeal, defendant claims: (1) that his UUW conviction was improperly enhanced from a Class 3 to a Class 2 offense where the State's charging instrument failed to provide the notice required by the Code of Criminal Procedure (725 ILCS 5/111-3(c) (West 2010)) that the State was seeking an enhanced classification of the offense; and (2) that defendant was subjected to an improper double jeopardy enhancement because the same prior felony conviction was used both to prove an element of the offense and to elevate the class of offense from a Class 3 to a Class 2 felony.

¶ 17        Since we must always resolve a case on a nonconstitutional issue if possible, we must first consider defendant's statutory claim. *In re E.H.*, 224 Ill. 2d 172, 178 (2006) ("cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort").

¶ 18                                   I. Standard of Review

¶ 19        Whether the State's charging instrument failed to provide the notice required by the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(c) (West 2010)) is a question of statutory interpretation, which this court reviews *de novo*. *People v. Caballero*, 228 Ill. 2d 79, 82 (2008). *De novo* consideration means we perform the same analysis that a trial judge would perform. *People v. Colquitt*, 2013 IL App (1st) 121138, ¶ 29.

¶ 20        When we interpret a statute, our primary objective is to determine and give effect to the legislature's intent. *Crawford Supply Co. v. Schwartz*, 396 Ill. App. 3d 111, 117 (2009). The most reliable indication of the legislature's intent is the plain language of the statute itself. *Crawford*, 396 Ill. App. 3d at 117. When the language of the statute is clear, we must apply it as written. *Crawford*, 396 Ill. App. 3d at 117.

¶ 21        According to well-established rules of statutory interpretation, we must interpret a statute so that all the language used in the statute is given some effect and so that no word, clause or sentence is "rendered meaningless[ or] superfluous." (Internal quotation marks omitted.) *People v. Jones*, 397 Ill. App. 3d 651, 657 (2009). See also *People v. Jones*, 214 Ill. 2d 187, 193 (2005) (the statute must be "construed so that no part of it is rendered meaningless or superfluous"); *Crawford*, 396 Ill. App. 3d at 117.


¶ 22                                        II. Waiver

¶ 23        To preserve a sentencing issue for appellate review, a defendant must both object at sentencing and raise the issue in a postsentencing motion. *People v. Hillier*, 237 Ill. 2d 539, 544 (2010); *People v. Easley*, 2012 IL App (1st) 110023, ¶ 16. On this appeal, defendant concedes that he failed to do either. However, he argues that we may still review this issue because his sentence is void and therefore can be reviewed at any time. *People v. Arna*, 168 Ill. 2d 107, 113 (1995). Since defendant's five-year sentence was well within the 2- to 10-year sentencing range for the Class 2 sentence which he seeks, we do not find his sentence void. *Easley*, 2012 IL App (1st) 110023, ¶ 21, *overruled on other grounds*, 2014 IL 115581 (finding that defendant's sentence was not void when defendant was sentenced "well within the range authorized by the statute"). "It is the function of the legislature to determine what is considered criminal conduct and to assign penalties for that conduct." *Easley*, 2012 IL App (1st) 110023, ¶ 17 (citing *People v. Taylor*, 102 Ill. 2d 201, 206 (1984)). Defendant fails to explain how his sentence exceeds the penalties assigned by the legislature for his conduct, and thus we do not find persuasive his voidness argument.

¶ 24        In the alternative, defendant asks us to review the error under the plain error doctrine. The plain error doctrine permits review of clear and obvious errors that were waived below. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). "In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing." *Hillier*, 237 Ill. 2d at 545. "[S]entencing issues are excepted from the doctrine of waiver when they affect a defendant's substantial rights." *People v. Carmichael*, 343 Ill. App. 3d 855, 859 (2003). In *Carmichael*, we held: "We find that the defendant's contention that the offense of which he was convicted was improperly enhanced from a Class 3 felony to a Class 2 felony implicates substantial rights justifying review of the issue." *Carmichael*, 343 Ill. App. 3d at 859.

¶ 25    Our first task, which we begin below, is to determine whether there was any error. *Piatkowski*, 225 Ill. 2d at 565.

¶ 26                            III. Defendant's Sentence

¶ 27    Defendant was charged and convicted of UUW by a felon which provides, in relevant part:

> "It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business *** any firearm *** if the person has been convicted of a felony ***." 720 ILCS 5/24-1.1(a) (West 2010).

¶ 28    Subsection (e) of section 24-1.1 governs the classification and sentencing for this offense and it is, as the trial court observed at sentencing, a long and detailed paragraph. It describes, first, when a violation shall be a Class 3 felony:

> "Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony for which the person, if sentenced to a term of imprisonment, shall be sentenced to no less than 2 years and no more than 10 years ***." 720 ILCS 5/24-1.1(e) (West 2010).

¶ 29    Next it provides that the offense is a Class 2 felony if the defendant was previously convicted of violating this same section:

> "[A]ny second or subsequent violation shall be a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(e) (West 2010).

As noted above, count I, of which he was convicted, appeared to charge defendant with a "second or subsequent" violation of this same section, namely, section 24-1.1. 720 ILCS 5/24-1.1(e) (West 2010). However, the presentence report stated that defendant's prior violation was actually a violation of section 24-1. 720 ILCS 5/24-1 (West 2010).

¶ 30    Next, subsection (e) provides that the offense is a Class 2 felony if defendant was previously convicted of another firearms violation:

> "Violation of this Section by a person not confined in a penal institution who has been convicted of *** a felony violation of Article 24 of this Code *** is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(e) (West 2010).

At sentencing, the prosecutor stated that the offense is a Class 2 felony due to defendant's "prior gun conviction," and the trial court agreed. Article 24 of the Criminal Code of 1961, referred to in the quote above, is entitled "Deadly Weapons," and describes gun offenses. 720 ILCS 5/24-1 *et seq.* (West 2010).

¶ 31                            IV. Notice Violation

¶ 32    Defendant claims that the State failed to provide him with notice of the State's intent to seek an enhanced sentence, as required by section 111-3(c) of the Code of Criminal Procedure of 1963. 725 ILCS 5/111-3 (West 2010). As a result, defendant's argument relies on the premise that he was convicted of a Class 3 offense but received a Class 2 sentence without notice. However, as explained below, defendant's premise that he was convicted of a Class 3 offense is mistaken. As our supreme court explained in *Easley*, defendant's sentence could not be "enhanced" to a Class 2 felony because defendant *was* convicted of a Class 2

felony. Thus, defendant was not entitled to notice under section 111-3(c) of the Code of Criminal Procedure of 1963. 725 ILCS 5/111-3 (West 2010).

¶ 33    Our supreme court's decision in *Easley* controls the outcome of the present appeal. *Easley*, 2014 IL 115581, ¶ 1. As in the present case, the defendant in *Easley* was convicted of unlawful use of a weapon by a felon pursuant to section 24-1.1(a). *Easley*, 2014 IL 115581, ¶ 20; see also 720 ILCS 5/24-1.1(a) (West 2008). The defendant in *Easley* also argued that he was convicted of a Class 3 felony and did not receive notice that he would receive a Class 2 sentence as required by section 111-3(c). *Easley*, 2014 IL 115581, ¶ 13.

¶ 34    Holding that the defendant was not entitled to notice, the *Easley* court reasoned that the "defendant's entire argument is based on the faulty premise that he was found guilty of a Class 3 offense but was given a Class 2 sentence." *Easley*, 2014 IL 115581, ¶ 26. The court found that notice under section 111-3(c) was required "only when the prior conviction that would enhance the sentence is not already an element of the offense." *Easley*, 2014 IL 115581, ¶ 19; see 725 ILCS 5/111-3(c) (West 2008). The supreme court reasoned:

> "The language of section 111-3(c) states that 'the fact of such prior conviction and the State's intention to seek an enhanced sentence *are not elements of the offense*' ***. *** [N]otice under section 111-3(c) is not necessary when the prior conviction is a required element of the offense. *** [O]nly one class of felony conviction is possible for the offense as alleged in the charging instrument." (Emphasis in original.) *Easley*, 2014 IL 115581, ¶ 19 (quoting 725 ILCS 5/111-3(c) (West 2008)).

¶ 35    Applying this reasoning, the *Easley* court noted that a prior conviction is a necessary element for the offense of unlawful use of a weapon by a felon. *Easley*, 2014 IL 115581, ¶ 22 (citing 720 ILCS 5/24-1.1(e) (West 2008)). It further noted that the defendant's prior conviction was also unlawful use of a firearm and that the sentencing statute plainly stated that " 'any second or subsequent violation [of section 24-1.1(a)] *shall* be a Class 2 felony.' " (Emphasis omitted and in original.) *Easley*, 2014 IL 115581, ¶ 21 (quoting 720 ILCS 5/24-1.1(e) (West 2008)). Thus, the *Easley* court found that the defendant was never entitled to notice of enhancement under section 111-3(c) because the defendant's sentence was never "enhanced" in the first place. *Easley*, 2014 IL 115581, ¶ 24. "Simply stated, [the] defendant was consistently charged with a Class 2 offense, found guilty of a Class 2 offense, and sentenced as a Class 2 offender." *Easley*, 2014 IL 115581, ¶ 26.

¶ 36    There is no meaningful distinction between *Easley* and the case at bar. Like the defendant in *Easley*, defendant in the present case was convicted of unlawful use of a weapon by a felon pursuant to section 24-1.1(a) and sentenced under section 24-1.1(e). See *Easley*, 2014 IL 115581, ¶¶ 20-21. Section 24-1.1(e) requires defendant's conviction to be a Class 2 felony:

> "[A]ny second or subsequent violation [of section 24-1.1(a)] shall be a Class 2 felony ***. [Additionally,] [v]iolation of this Section by a person not confined in a penal institution who has been convicted of *** a felony violation of Article 24 of this Code *** is [also] a Class 2 felony ***." 720 ILCS 5/24-1.1(e) (West 2010).

In the case at bar, defendant's prior conviction was a violation of article 24. While the trial court did not explicitly state whether it was charging defendant with a Class 2 or Class 3 felony, it necessarily follows from defendant's prior conviction that defendant was charged with a Class 2 felony, found guilty of a Class 2 offense, and sentenced as a Class 2 offender. See *Easley*, 2014 IL 115581, ¶ 26. Therefore, as defendant's sentence was never "enhanced," defendant was not entitled to notice of enhancement under section 111-3(c).

## V. Constitutional Issues

Defendant argues that he was subjected to an improper double jeopardy enhancement because the same prior felony conviction was used both to prove an element of the offense and to elevate the class of offense from a Class 3 to a Class 2 felony. However, since defendant's sentence was never "enhanced," defendant's double enhancement claim necessarily fails. See *Easley*, 2014 IL 115581, ¶ 28 ("Because we have found that defendant was charged, convicted, and sentenced as a Class 2 offender, defendant's double enhancement claim necessarily fails. The prior conviction *** was used only once, as an element of the offense, and not also to enhance the offense."); see also *People v. Polk*, 2014 IL App (1st) 122017, ¶ 32.

Finally, we briefly note that our Illinois Supreme Court recently considered the constitutionality of certain provisions in article 24. See *People v. Aguilar*, 2013 IL 112116, ¶ 1. However, the provision in the present case is different from the provisions in *Aguilar*, and thus, there is no need to consider its constitutionality. See *Aguilar*, 2013 IL 112116, ¶¶ 26-27 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008), the court noted that the right to bear arms under the second amendment is not unlimited, and that certain prohibitions, such as those prohibiting " 'the possession of firearms by felons,' " are constitutional).

## CONCLUSION

For the foregoing reasons, defendant was not entitled to notice under section 111-3(c) and was not subjected to an improper double jeopardy enhancement.

Affirmed.